IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| DON JUAN GRIJALVA LEWIS, <br> TDCJ-CID No. 01767683, | § § § | |
| Plaintiff, | § § | |
| v. | § | 2:17-CV-186-Z |
| NFN VELARDE, *et al.*, | § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION DISMISSING COMPLAINT**

*Pro se* Plaintiff Don Juan Grijalva Lewis ("Plaintiff") is a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. On September 21, 2017, Plaintiff filed a complaint (ECF No. 3) against Defendants NFN Velarde, NFN Carreon, NFN Perez, NFN Reyna, and Presiding Warden (collectively, "Defendants") pursuant to 42 U.S.C. § 1983 and has been granted permission to proceed *in forma pauperis*. For the following reasons, Plaintiff's complaint is DISMISSED.

**I. JUDICIAL REVIEW**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A and 1915(e)(2). The same standards support dismissal of a suit brought under any federal law by a prisoner confined in

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see also Denton v. Hernandez*, 504 U.S. 25 (1992).

any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

## II. PLAINTIFF'S CLAIMS

In his complaint, Plaintiff brings mixed habeas and civil rights claims. He alleges that he possessed paraphernalia used for tattooing—a container full of needles, a pen with an affixed needle, and ink. ECF No. 3 at 1. Plaintiff then alleges that he received a prison disciplinary conviction because of this possession. *See id.* at 2. Plaintiff also alleges that his counsel substitute during the disciplinary hearing failed to argue that the tattoo supplies belonged to another inmate and failed to produce two inmate witnesses to show this. *Id.*. Plaintiff seeks to overturn his disciplinary conviction and punishment. He does not make any specific requests for monetary relief against the grievance officers or his counsel substitute.

Plaintiff claims that the following due process violations occurred during his prison disciplinary proceeding: (1) counsel substitute failed to offer witness testimony that the tattooing paraphernalia was owned by other inmates; (2) "the disciplinary offense does not state suufficient facts to constitute an offense"; (3) "the disciplinary fails to allege all the essential acts or omissions'; (4) the insufficiency of facts alleged failed to put plaintiff on notice of the allegations; and (5) such insufficiency failed to allow plaintiff to properly enter a plea to the allegations. *Id.*

## III. ANALYSIS

Plaintiff received sufficient due process protections when he received notice of the charges and a fair opportunity at the hearing and in his grievances to rebut the allegations concerning his

---

[2] *See also Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

ownership of the tattooing paraphernalia. *See Evans v. Baker*, 442 Fed. App'x 108, 110 (5th Cir. 2011) (citing *Wilkinson v. Austin*, 545 U.S. 209, 225–26 (2005)) ("Further, [the plaintiff] received the due process protections required when he received notice of the basis for the confiscation of the subject property and a fair opportunity to rebut the allegations concerning his ownership of the property at the hearing and in his grievances."). No due process protections are implicated by counsel substitute's failure to call witnesses to show that the property belonged to other inmates. Plaintiff had the opportunity to offer his testimony concerning ownership to the disciplinary officers at the hearing. Further, Plaintiff's other claims regarding the insufficiency of the factual allegations do not implicate due process concerns absent a showing of the loss of good time for a habeas claim. *See Evans*, 442 Fed. App'x at 110 ("Further, if [the plaintiff] is not eligible for release on mandatory supervision as he asserted, he has no liberty interest in his good time credits or other punishments imposed as a result of the disciplinary hearing; thus, he may not complain about the denial of due process.") Therefore, his civil rights claims are frivolous and must be dismissed.

To the extent that Plaintiff also presents any habeas claim, he has failed to state a cognizable habeas action. In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, an individual must, at a minimum, be eligible for mandatory supervised release *and* have received a punishment sanction that included forfeiture of previously accrued good-time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In his complaint, Plaintiff fails to allege the loss of any good time credits. As the law in the Fifth Circuit currently stands, he has not alleged a punishment sanction that included the forfeiture of previously accrued good time credits. Thus, he cannot receive federal habeas corpus relief.

Additionally, Plaintiff was convicted in 2009 and is serving a thirty-year sentence for Aggravated Robbery with a Deadly Weapon. Since September 1996, an inmate may not be released to mandatory supervision if the inmate has been previously convicted of aggravated robbery. *See* Texas Code of Crim. Proc. art. 42.18 § 8(c)(10) (1996); *currently* Texas Gov't Code § 508.149 (a)(12)(2017). As Plaintiff is not eligible for mandatory supervised release, he may not challenge a prison disciplinary proceeding by way of a federal petition for a writ of habeas corpus. *See Malchi*, 211 F.3d at 958.

To the extent that Plaintiff requests any monetary damages for due process violations during his disciplinary hearing, such claims are frivolous until certain conditions are met. The Supreme Court has held that a claim under 42 U.S.C. § 1983 attacking the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477 (1994); *see also Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995). In *Edwards v. Balisok*, the Supreme Court approved the application of the *Heck* doctrine to the prison disciplinary setting. 520 U.S. 641 (1997). It further held that a state prisoner's claim for damages in a challenge to the validity of the procedures used to deprive him of good-time credits was not cognizable under 42 U.S.C. § 1983. *Id.*

### IV. ORDER

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), as well as 42 U.S.C. § 1997e(a), it is ORDERED that the Plaintiff's complaint filed pursuant to 42 U.S.C. § 1983 is DISMISSED without prejudice as frivolous.

**SO ORDERED.**

June 3, 2020.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

5